United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASON B. MELIUS, Bk. No. 2310707,<br>Plaintiff,<br>v.<br>DEPUTY BUTTON,<br>Defendant(s). | Case No. 26-cv-07477-CRB (PR)<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>(ECF No. 3) |

Plaintiff, a pretrial detainee currently housed at Contra Costa County's West County Detention Facility (WCDF), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on October 7, 2024, after arriving at Contra Costa County's Martinez Detention Facility (MDF), Deputy Button and other unnamed deputies and medical staff violated his federal rights when they used unnecessary force against plaintiff and denied him adequate medical care.

Plaintiff also seeks appointment of counsel under 28 U.S.C. § 1915.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that after arriving at MDF and being placed in a holding cell, he asked Deputy Button for medical attention because his chest hurt but Button instead escorted plaintiff to an adjacent cell holding plaintiff's left hand behind plaintiff's back and bending it upward "with a lot of pressure." ECF No. 1 (Compl.) at 3. Once in the adjacent cell, Button called for assistance and other deputies came and cuffed plaintiff and escorted him to Intake. While on the way to Intake, plaintiff heard and felt "2 loud popping or cracking sounds from his left wrist," and stated, "'You just broke my wrist.'" Id. at 4. Deputies then demanded plaintiff sit on a stool for medical attention. As plaintiff began to sit, deputies "jumped on [him]," and a "female deputy stomped on [his] bare toes." Id. A male nurse took plaintiff's blood pressure but did not examine plaintiff's wrist despite plaintiff telling the nurse that "his wrist was just broken." Id.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "A court (judge or jury) cannot apply this standard mechanically." Id. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham, 490 U.S. at 396). Plaintiff's allegations of use of excessive force against Button and other unnamed deputies will be dismissed with leave to amend to set forth specific facts and circumstances supporting a determination that the force used by Button and/or other deputies was objectively unreasonable, if possible. See id. (considerations that may bear on reasonableness of force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting"). Plaintiff also must name every

United States District Court
Northern District of California

individual defendant and link every named individual defendant with his allegations of wrongdoing so as to show how every named individual defendant's actions both actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." Id. (citations and internal quotation marks omitted). The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent – something akin to reckless disregard. Id. at 1125. Plaintiff's allegations of denial of adequate medical care against Button and other unnamed deputies and medical staff will be dismissed with leave to amend to set forth specific facts and circumstances supporting a determination that the defendants' conduct was objectively unreasonable and caused plaintiff's injuries, if possible. And plaintiff again must name every individual defendant and link every named individual defendant with his allegations of wrongdoing so as to show how every named individual defendant's actions both actually and proximately caused the deprivation of a federally protected right. See Leer, 844 F.2d at 634.

C. Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915 (ECF No. 3) is

DENIED for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The court will consider appointment of counsel on its own motion and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines later that appointment of counsel is warranted.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The clerk is instructed to terminate the motion appearing on ECF as item number 3.

**IT IS SO ORDERED**.

Dated: October 14, 2026

CHARLES R. BREYER
United States District Judge